IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-511 |
| | § | C.A. No. C-06-554 |
| BENITO AVILA-SALDANA, | § | |
| | § | |
|    Defendant/Movant. | § | |

**ORDER GIVING NOTICE TO MOVANT OF RECHARACTERIZATION, AND
ORDER DENYING AS MOOT MOTION TO PROCEED *IN FORMA PAUPERIS***

Benito Avila-Saldana ("Avila") was sentenced by this Court on January 19, 2005, and judgment was entered on January 27, 2005. (D.E. 20, 21.)[1] Avila timely appealed, and the Fifth Circuit affirmed in a per curiam opinion issued November 9, 2005. (D.E. 31.) Avila filed a petition for writ of certiorari, which the Supreme Court denied on February 27, 2006. (D.E. 33.) On December 11, 2006, the Clerk received a filing from Avila titled as a petition for habeas corpus, and on a form that references 28 U.S.C. § 2241 on the cover page. It was docketed in the above-referenced civil case, as was his motion to proceed *in forma pauperis*. (C.A. No. C-06-554, D.E. 1, 2.)

In his petition, Avila lists four grounds for relief, all of which challenge his conviction or sentence. First, he argues that he should be resentenced because, according to him, this Court sentenced him under a mandatory sentencing regime, which has now been determined to be advisory only. Second, he claims that a 16-level enhancement to his offense level based on a prior aggravated felony violated his constitutional rights because it was neither admitted by him nor found by a jury,

---

[1] Docket entry references are to the criminal case, unless otherwise noted.

1

relying on United States v. Booker, 543 U.S. 220 (2005) and its predecessor, Blakely v. Washington. 542 U.S. 296 (2004). Third, he argues that the "felony" and "aggravated felony" provisions found at 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional on their face and as applied. Fourth, he argues that he received ineffective assistance of counsel by his attorney's failure to inform him prior to his plea that his base offense level could be increased 16 levels due to a prior conviction. He also claims that his attorney was ineffective for failing to raise the first three grounds for relief in his motion. (See C.A. No. C-06-554, D.E. 1 at pp. 4-5.)

Although Avila's motion does not explicitly reference 28 U.S.C. § 2255, he indicates that he is filing a motion to vacate, correct or set aside an illegal sentence. (C.A. No. C-06-554, D.E. 1 at p. 3.) Moreover, his claims are ones that should have been brought in a motion under 28 U.S.C. § 2255. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000) ("Section 2255 is the primary means of collaterally attacking a federal sentence.... Section 2241 is used to attack the manner in which a sentence is executed. A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255).

Moreover, if the Court were to treat his motion as a § 2241 petition as is indicated on its first page, the petition would be subject to dismissal for lack of jurisdiction. That is, a § 2241 petition must be filed in the district in which the petitioner is incarcerated. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). According to Avila's motion, he is currently incarcerated in Eden, Texas, which is located within the Northern District of Texas, San Angelo Division. 28 U.S.C. § 124(a)(4). Thus, any § 2241 petition by Avila should have been filed in that court. If treated as a § 2241 petition, this Court would not have jurisdiction to address it, but would be required to dismiss it without prejudice. See Lee v. Wetzel, 244 F.3d 370, 375 & n.4 (5th Cir. 2001).

In any event, the claims raised in his petition are § 2255 claims, not § 2241 claims. Because Avila has not clearly indicated an intent to file a § 2255 motion, however, the Court will not construe his motion as a § 2255 motion until it gives the warnings required by the Supreme Court in Castro v. United States, 540 U.S. 375 (2003). The Supreme Court's decision in Castro held that a district court should not recharacterize a *pro se* post-conviction motion as a first § 2255 motion, in the absence of adequate notice and warning to the defendant as to the consequences of recharacterization. 540 U.S. at 383.

Pursuant to Castro, therefore, Avila is hereby advised that the Court intends to characterize the claims raised in his motion as his stated grounds for a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He is further advised that, if the Court characterizes his motion as a § 2255 motion, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion. See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met). That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Avila will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval.[2] See Tolliver, 211 F.3d at 877; 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the

---

[2] The pertinent portion of § 2255 states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

In light of the foregoing, if Avila wishes to supplement his motion with additional grounds, or wishes to voluntarily withdraw his motion, he must do so within 45 days after the entry of this Order. If he fails to do so, this Court will construe his motion as a § 2255 motion, and will either order the government to respond or will rule on it.

Also pending before the Court is Avila's motion to proceed *in forma pauperis*. (C.A. No. C-06-554, D.E. 2.) For purposes of filing fees, a motion filed under § 2255 is essentially a continuation of the defendant's criminal case. See United States v. Cole, 101 F.3d 1076 (5th Cir. 1996) (characterizing a § 2255 motion and indicating that it was not a civil action for purposes of the Prison Litigation Reform Act). In this district, no filing fee is required to file such a motion. Thus, to the extent that Avila seeks to obtain *in forma pauperis* status for purposes of filing fees, there is no need for such status. Accordingly, his motion to proceed *in forma pauperis* status is DENIED AS MOOT.

## CONCLUSION

As set forth above, Avila is hereby notified that this Court intends to construe his petition (C.A. C-06-554, D.E. 1), as a motion pursuant to 28 U.S.C. § 2255. Avila is given 45 days to supplement his motion with additional grounds, or to inform the Court that he wants to voluntarily withdraw his motion. If he fails to supplement his motion or withdraw it within 45 days, this Court will construe it as a § 2255 motion, and will either order the government to respond or will rule on it. Additionally, Avila's motion to proceed *in forma pauperis* is DENIED AS MOOT.

Finally, the Clerk is directed to docket Avila's § 2241 petition (C.A. C-06-554, D.E. 1), as a § 2255 motion in his criminal case, and to docket both his motion to proceed *in forma pauperis* (C.A. 06-554, D.E. 2) and this Order in the criminal case.

ORDERED this 5th day of January, 2007.

_____
Janis Graham Jack
United States District Judge