**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
|     Plaintiff/Respondent, § | | |
| § | | |
| V. § | | CR. No. C-04-511 |
| § | | C.A. No. C-06-554 |
| BENITO AVILA-SALDANA, § | | |
|     Defendant/Movant. § | | |

**ORDER GRANTING MOTION TO DISMISS, DENYING MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Movant Benito Avila-Saldana's ("Avila) motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 35.)[1] The government has filed a response and motion for dismissal. (D.E. 42, 43.) For the reasons set forth below, the Court GRANTS the government's motion to dismiss, and DENIES Avila's motion. Additionally, the Court DENIES Avila a Certificate of Appealability.

**I.  JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

**II.  FACTS AND PROCEEDINGS**

**A.  Summary of Offense[2]**

On September 5, 2004, Border Patrol agents observed a van traveling northbound in Brooks County, Texas. Agents observed several individuals inside the van trying to conceal themselves. A traffic stop was initiated. As the van stopped, several individuals escaped into the brush and were

---

[1] Dockets entries refer to the criminal case, C-04-cr-511.

[2] The offense conduct as set forth herein is derived from Paragraphs 4 and 5 of Avila's Presentence Investigation Report ("PSR").

not caught. Agents were able to detain 10 illegal aliens in the van, however, one of whom was Avila. Avila admitted to illegally entering the United States around September 2, 2004 and stated that he was paying to be smuggled to Houston. He possessed $538. A records check revealed that Avila had previously been deported on August 13, 1997 and on January 28, 2000 and that Avila had not filed an application for permission to re-enter the United States.

**B.     Criminal Proceedings**

Avila was charged in a one-count indictment on September 16, 2004 with being unlawfully found in the United States after being previously excluded, deported and removed, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 9.) On October 29, 2004, he pleaded guilty to the charge. (D.E. 14.) There was not a written plea agreement.

The PSR scored Avila at a base offense level of 8, but increased the offense level by 16 levels pursuant to § 2L1.2(b)(1)(A)(vi) and (vii),[3] due to his 1997 conviction for transporting aliens. (PSR at ¶¶ 10-11.) He was given a three-level downward departure for acceptance of responsibility, resulting in a total offense level of 21. (PSR at ¶¶ 16-19.) When coupled with his criminal history category of IV, his resulting advisory guideline range was 57 to 71 months. (PSR at ¶¶ 20-25, 35.)

On January 19, 2005, Avila was sentenced by this Court to the top of his advisory guideline range, 71 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term. The Court also imposed a special assessment of $100. (D.E. 20, 21.) Judgment of conviction was entered on January 27, 2005. (D.E. 21.) Avila timely appealed.

On appeal, Avila argued that <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998) had been undercut by later Supreme Court opinions, including <u>Apprendi v. New Jersey</u>, 530 U.S. 466

---

[3] The PSI utilized the 2004 edition of the United States Sentencing Guidelines. (PSI at ¶ 9). All citations herein to the guidelines are to that edition.

(2000) and that, as a result, the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) were unconstitutional. (D.E. 31 at 1.) The Fifth Circuit disagreed, concluding that <u>Almendarez-Torres</u> had not been overruled and that it was required to follow the decision. Accordingly, the Fifth Circuit affirmed the judgment of this Court. (D.E. 31 at 2.) Avila then filed a petition for writ of certiorari, which was denied by the Supreme Court on February 27, 2006. (D.E. 33.)

On December 11, 2006, the Clerk received from Avila a motion styled as a motion for habeas corpus under 28 U.S.C. § 2241. (D.E. 35; C.A. No. C-06-cv-554, D.E. 1.) By Order dated January 5, 2007, the Court gave Avila notice that it intended to recharacterize his motion as one pursuant to 28 U.S.C. § 2255, and also gave him an opportunity to supplement his motion with additional grounds or to withdraw it. (D.E. 34.) Avila did not file anything in response, and so the Court construed his motion as a § 2255 motion and ordered the government to respond. (D.E. 38.) The government filed its response and motion to dismiss on May 1, 2007, and Avila had until June 4, 2007 to file a reply. (<u>See</u> D.E. 38 at 2 (giving thirty days after service of government's answer for Avila to file a reply); D.E. 42 at 17 (government's certificate of service indicating service by mail on May 1, 2007.) To date, Avila has not filed a reply. His § 2255 motion is timely.

### III. MOVANT'S ALLEGATIONS

In his motion, Avila asserts four grounds for relief. First, he argues that he should be resentenced because this Court treated the sentencing guidelines as mandatory when it sentenced him, and they were in fact, advisory. He relies for support on <u>United States v. Booker</u>, 543 U.S. 220 (2005). (D.E. 35 at 4 & Supp. Memo at 4-6.)

Second, he claims that he must be resentenced because the 16-level enhancement to his offense level because of his alleged prior aggravated felony was based on a fact neither admitted by him nor found by a jury. Again, he cites to <u>Booker</u> in support of his claim. (D.E. 35 at 4 & Supp. Memo at

3

6-7.) In a related argument, Avila's third ground for relief is that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional, on their face and as applied. (D.E. 35 at 4 & Supp. Memo at 8-10.)

Fourth and finally, Avila argues that his counsel was constitutionally ineffective, both at his plea and during sentencing. With regard to his plea, he claims that his counsel failed to advise him "of the overall consequences of the plea guilty" before he pleaded guilty. Specifically, he claims that he was only made aware that he could receive between 8 to 24 months imprisonment and that he was never informed about the possible penalty from the enhancement. He also claims that he was denied effective assistance of counsel at sentencing because his counsel failed to raise the challenges to his sentence Avila now raises in his first three grounds.

For the reasons set forth herein, the Court concludes that Avila is not entitled to relief as to any of his claims.

## IV. DISCUSSION

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge may

not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

**B.     Booker claims**

Avila's first two claims for relief both rely on Booker, 543 U.S. 220.  To the extent that these claims challenge this Court's application of the sentencing guidelines, they are not cognizable claims under § 2255.  See United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue") (quoting United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992); United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (misapplication of the sentencing guidelines is not a cognizable claim in a § 2255 motion).

Even if they were properly before the Court, moreover, Avila's claims fail on their merits. Avila's first ground for relief clearly fails on the plain record of this case.  He complains that the Court did not treat the sentencing guidelines as advisory, as opposed to mandatory, as required by Booker.  Booker was decided on January 12, 2005 and Avila was sentenced a week later, on January 19, 2005.  Despite Avila's claim to the contrary, the Court not only knew that the federal sentencing guidelines were advisory pursuant to Booker, but also treated them as such during his sentencing. (See D.E. 27, Sentencing Transcript ("S. Tr.") at 5 (Court referring to Booker and stating "I'll look at the guidelines as advisory.").  Accordingly, his first claim fails.

In his second claim, Avila argues that the enhancement to his offense level based on his prior felony conviction violated Booker because it was a fact that enhanced his sentence and was neither admitted by him nor found by a jury.  A careful reading of Booker clearly shows, however, that prior convictions can be used to enhance a sentence even without an admission or jury finding.  See,

Booker, 543 U.S. at 244 ("[W]e reaffirm our holding in Apprendi: Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added). Thus, this claim fails, too.

### C. Constitutionality of Sentencing Under 8 U.S.C. § 1326(b)

Avila's third claim is that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional on their face and as applied. As an initial matter, this claim is subject to dismissal because it was raised and rejected on appeal. Indeed, it has long been "settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986) (affirming district court's refusal to entertain the defendant's § 2255 motion).

Moreover, any argument that Almendarez-Torres has been effectively overruled by Blakely or Booker has been repeatedly rejected by the Fifth Circuit. Thus, while it is true that the holding in Almendarez-Torres has been called into doubt by some,[4] it currently remains good law. See United States v. Sanchez-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005)

---

[4] Justice Thomas, the key fifth vote in the Almendarez-Torres five-member majority, has suggested that the decision should be overturned:

> [T]his Court has not yet reconsidered Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed 2d 350 (1998), which draws an exception to the Apprendi line of cases for judicial factfinding that concerns a defendant's prior convictions. See Apprendi, supra, at 487-490, 120 S. Ct. 2348. Almendarez-Torres ... has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided. See 523 U. S., at 248–249 (SCALIA, J., joined by STEVENS, SOUTER, and GINSBURG, JJ., dissenting); Apprendi, supra, at 520–521 (THOMAS, J., concurring). The parties do not request it here, but in an appropriate case, this Court should consider Almendarez-Torres' continuing viability.

Shepard v. United States, 125 S. Ct. 1254, 1264 (2005) (THOMAS, J., concurring).

6

(Almendarez-Torres remains binding); United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005) (same). Almendarez-Torres controls this case and this Court is powerless to overturn Supreme Court precedent. Thus, even if it were properly before the Court, Avila's third claim fails on its merits.

### D. Ineffective Assistance of Counsel

#### 1. Motion to Expand the Record to Include Counsel's Affidavit

In his final ground for relief, Avila argues that he was denied effective assistance of counsel both at his plea and at sentencing. In response, the government has submitted the affidavit of Avila's appointed counsel, then-Assistant Federal Public Defender Rene Flores and moves the Court to expand the record to include it. The government's motion is GRANTED and the Court has considered Mr. Flores' affidavit.

#### 2. General Standards

Avila's ineffective assistance claims are properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. U.S. v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir.

7

1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### 3. Ineffective Assistance of Counsel With Regard to Avila's Plea

In his first ineffective assistance of counsel claim, Avila contends that his counsel was constitutionally deficient because he failed to advise Avila that he would receive a sixteen-level enhancement to his offense level for his prior felony conviction if he pled guilty. Notably, in order to establish prejudice arising from ineffective assistance during the plea process, Avila must show that, absent his counsel's deficiencies, he would have proceeded to trial. See United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) (in order to show prejudice as a result of ineffective assistance during the guilty plea process, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial") (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). This is a showing that cannot be met here. The rearraignment transcript clearly establishes that Avila's decision to plead guilty was voluntary and that it was made with full knowledge of the consequences.

Indeed, in addition to his counsel's own assertion that he clearly informed Avila of the enhancement prior to the plea,[5] the record discloses that the Court made Avila aware that his criminal

---

[5] The determination of whether or not his counsel so advised him is a credibility determination and the Court need not determine whether to believe Avila or his counsel in order to resolve Avila's claim. Nonetheless, as to this issue, his counsel's affidavit states:

> Finally, with regard to defendant's allegation that I did not tell him he would get a sixteen-level enhancement, this is also false. Mr. Avila-Saldana's prior conviction for transporting aliens was indicated in his pre-trial report and I told Mr. Avila-Saldana's [sic] that he was looking at a sixteen-level enhancement since I first met him at his preliminary hearing on September 10, 2004. Specifically, I told him that based on his pre-trial report, he was looking at 58 to 71 months under the guidelines. Avila-Saldana simply refused to believe that he should get so much time.

history could impact his sentence.

Specifically, during the rearraignment, the Court explicitly informed Avila that his prior convictions could increase his sentence:

> THE COURT: I want to make sure that you and your attorney have talked about how the Sentencing Commission Guidelines might apply in your case. There is not any relevant conduct in your situation, but certainly criminal history could have an impact. That is, the more prior convictions you have, and whether or not you were on supervision at the time of the offense, or within two years of termination of supervision at the time of the offense, the higher your guidelines could be and the higher your sentence could be.
> Do you understand that and have you discussed that with your attorney?
>
> ***
>
> THE COURT: Mr. Avila-Saldana?
>
> THE DEFENDANT: Yes.

(D.E. 26, Rearraignment Transcript ("R. Tr.") at 18.) Avila further testified that no one had forced him in any way to plea guilty, and that his decision to plead guilty was entirely voluntary. (R. Tr. at 19.)

Additionally, the Court informed Avila of the maximum sentence he faced, which was "imprisonment up to 20 years, plus a fine of up to $250,000, up to three years supervised release, and a $100 special assessment." (R. Tr. at 16-17.) Avila testified that he understood. (R. Tr. at 17.)

Avila's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). Avila's sworn

---

(D.E. 42, Exh. A, Flores Aff. at ¶ 8.

statements show that he understood that his prior convictions could be used to enhance his sentence, that he understood the possible maximum sentence he faced, and he was not coerced into pleading guilty.

Avila has not even alleged, let alone shown, that absent his counsel's alleged deficiencies, he would have proceeded to trial instead of pleading guilty. Accordingly, this ineffective assistance claim is subject to dismissal.

### 4. Ineffective Assistance of Counsel at Sentencing

Avila's remaining ineffective assistance claims all allege that his counsel was constitutionally deficient at sentencing. In order for Avila to show that he suffered prejudice as a result of counsel's ineffectiveness at sentencing, he must show that there is a reasonable probability that, but for counsel's alleged errors, the sentencing would have been different. See United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000). This requires him to show a reasonable probability that he would have received a lesser sentence. United States v. Grammas, 376 F.3d 433, 438-39 (5th Cir. 2004). As discussed herein, there is no evidence to support any contention that, but for his counsel's alleged errors, Avila would have received a lesser sentence.

#### a. Counsel's alleged failure to inform the Court that the sentencing guidelines were advisory, nor mandatory

As to Avila's claim that counsel was deficient for allegedly failing to inform the Court of the advisory nature of the guidelines, Avila can show neither deficiency or prejudice. First, as noted by Avila's counsel in his affidavit, (see D.E. 42, Exh. A, Flores Aff. at ¶ 6), counsel in fact argued to the Court that the guidelines were advisory only and that it should impose a sentence below the advisory guideline range. (D.E. 19.) Thus, no deficiency has been shown. Moreover, as noted supra at page 5, the Court was well aware of the decision in Booker and the advisory nature of the guidelines.

Accordingly, Avila cannot show that the outcome of his sentencing would have been different had his counsel done something more to advise the Court of the guidelines being advisory. Accordingly, he cannot establish prejudice, either. This claim fails.

### b. Counsel's alleged failure to challenge the 16-level enhancement to Avila's offense level in reliance on Booker

As noted supra at 6, the 16-level enhancement to Avila's offense level under the guidelines was proper, even after Booker. Accordingly, even if his counsel had objected, the outcome of his sentencing would not have been different. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Because Avila cannot show deficiency or prejudice, this claim fails, too.

### c. Counsel's alleged failure to challenge 8 U.S.C. § 1326(b) as unconstitutional

For similar reasons, Avila's third ineffective assistance claim fails, as well. That is, even if his counsel had challenged the constitutionality of 8 U.S.C. § 1326(b), that challenge would have been unsuccessful, based on Supreme Court and Fifth Circuit precedent that remains valid today. See supra at page 6. Thus, Avila cannot show prejudice and this claim also fails. See Kimler, 167 F.3d at 893.

For the foregoing reasons, all of the claims in Avila's § 2255 motion fail. His motion is therefore DISMISSED.

### E. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C.

§ 2253(c)(1)(A). Although Avila has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Avila's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as

to those claims that this Court has addressed on procedural grounds, the Court finds that Avila cannot establish either of the Slack criteria. That is, jurists of reason would not debate whether he has stated a valid claim of the denial of a constitutional right, nor would they find this Court's procedural rulings debatable. Accordingly, Avila is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the aforementioned reasons, the government's motion to expand the record and its motion to dismiss (D.E. 43) are both GRANTED and Avila's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 35) is DENIED. Additionally, Avila is DENIED a Certificate of Appealability.

ORDERED this 21st day of June, 2007.

_____
Janis Graham Jack
United States District Judge